IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERWYN MCMORRIS                                                                                    PLAINTIFF

vs.                                           Civil No. 4:10-cv-04104

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Erwyn McMorris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for DIB and SSI on September 24, 2007.  (Tr. 8-14, 146-152).  In these applications, Plaintiff alleged he was disabled due to problems with his back, hip, right leg, and both wrists.  (Tr. 173).  Plaintiff alleged an onset date of January 1, 2002.  (Tr. 8, 146, 149).  These applications were denied initially and upon reconsideration.  (Tr. 65-68).  Thereafter, on March 14, 2008, Plaintiff requested an administrative hearing on his applications, and this hearing request was

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

granted. (Tr. 82-110). An administrative hearing was held on February 10, 2009 in Texarkana, Arkansas.[2] (Tr. 16-37). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *Id.* Plaintiff and Medical Expert ("ME") James Armstrong testified at this hearing. *Id.*

During this hearing, the ME testified that he believed additional development of the record was necessary:

> Q. Would a consultative examination give us more to work with?
>
> A. Well, I think it would, Your Honor. And I guess at this point we know that he has high blood pressure, know it's not controlled. I'm leaning towards light anyway, but that might not be helpful to you. You got to have more [INAUDIBLE] information and I do believe it would be best to get an orthopedic to do that, take an x-ray.

(Tr. 35-36). The ALJ agreed with the ME's assessment and directed Plaintiff to be examined by either an orthopedist or an internal medicine doctor as a part of a consultative examination:

> ALJ: . . . Mr. McMorris, what we're going to do is send you to a doctor who is going to give you an evaluation. We're going to try to get an orthopedist to do the evaluation and then they're going to issue a report to me on your status. So it will be up to date and current on what you're doing and how you're doing. If we can't get an orthopedist to do it, then we'll get an internal medicine doctor to evaluate you. All right?

(Tr. 36-37).

As directed by the ALJ, Plaintiff then underwent a consultative examination on March 17, 2009. (Tr. 281-291). This examination, however, was not conducted by an orthopedist or a doctor of internal medicine. Instead, it was conducted by Dr. Roshan Sharma, M.D., a physical medicine and rehabilitation specialist. *Id.*

Once the ALJ received Dr. Sharma's report, the ALJ held a second administrative hearing. (Tr.

---

[2] The hearing was held by way of video-teleconference. (Tr. 16-37). The ALJ was present in San Antonio, Texas while the claimant was present in Texarkana, Arkansas. *Id.*

2

38-64). This hearing was held on September 23, 2009. *Id.* Plaintiff, Vocational Expert ("VE") Dr. Don R. Marth, Ph.D., and two witnesses for Plaintiff testified at this administrative hearing. (Tr. 38-64).

On October 21, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 8-14). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2002, his alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following combination of severe impairments: back pain of unknown etiology, hypertension, and atrial fibrillation by history. (Tr. 10-12, Finding 3). The ALJ also determined, however, that none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-14, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work [footnote omitted] as defined in 20 CFR 416.967(b) except that he can occasionally perform grasping with the right and left hands; can occasionally climb stairs and ramps, stoop, crouch, crawl, kneel, and balance; and cannot climb ladders, ropes or scaffolds or work at heights or around dangerous moving machinery. Claimant has mild to moderate pain for which he may take medications, but is able to remain alert, attentive, and responsive in a usual work setting.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 14, Finding 6). The ALJ

determined Plaintiff's PRW included work as a water filter assembler (light, unskilled). *Id.* Based upon his RFC, the ALJ determined Plaintiff retained the ability to perform this PRW as a water filter assembler. *Id.* In accordance with that finding, the ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2002 through October 21, 2009, the date of his decision. (Tr. 15, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On June 30, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 19, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 9, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred in assessing his RFC and (2) the ALJ erred in determining he retained the capacity to perform his PRW. ECF No. 8. Because this Court finds the ALJ failed to properly develop the record when determining his RFC, this Court will only address Plaintiff's first argument for reversal.

The ALJ has the duty to fully and fairly develop the record, even when the claimant is represented by counsel. *See Freeman v. Apfel,* 208 F.3d 687, 692 (8th Cir. 2000). Further, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir. 1985) (*quoting Reeves v. Heckler,* 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

In the present action, the ALJ recognized the fact that further development of the record was necessary. (Tr. 36-37). The ALJ found that either an orthopedist or a doctor of internal medicine would need to perform a consultative examination of Plaintiff. *Id.* However, instead of sending Plaintiff to one of those specialists, the ALJ sent Plaintiff for a consultative examination with Dr. Sharma, a physical medicine and rehabilitation specialist. (Tr. 282-290). Although Dr. Sharma may be a reputable physician, based upon his credentials, it does not appear Dr. Sharma was qualified to perform this evaluation because he is neither an orthopedist nor a doctor of internal medicine.[3]

Further, in his opinion, the ALJ did not state *why* Dr. Sharma's evaluation was sufficient when the ME recommended–and the ALJ agreed–that an orthopedist or other specialist be used. (Tr. 8-14). Thus, this case must be reversed and remanded for further development of the record and so that a new

---

[3] It should also be noted Plaintiff objected to this examination at the administrative hearing and testified that it was very cursory. (Tr. 45). Specifically, he testified the following: "he only tapped me on the knee three times with a hammer, had me take three steps, punched my stomach, and raised my leg three times, and that was it." *Id.*

6

consultative examination may be ordered and be performed by either an orthopedist or a doctor of internal medicine.[4] If such a specialist cannot be located, at the very least, the ALJ should discuss this issue in his opinion.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] At the first administrative hearing, the ME also testified that x-rays needed to be taken of Plaintiff's back in order to fully assess the degree of his limitations. (Tr. 35-36). Thus, on remand, the ALJ should also consider whether x-rays of Plaintiff's back are needed in order for the record to be fully developed.

7